**In re MONROE.**

**Civ. No. 5017.**

United States District Court
N. D. Texas, Dallas Division.
Feb. 26, 1953.

Henry Klepak and John P. Koons, both of Dallas, Tex., for movant.

Tom Shaw, Asst. U. S. Atty., Dallas, Tex., opposed.

ATWELL, Chief Judge.

This motion grows out of the policy of the Internal Revenue Department to forgive the taxpayer who makes a voluntary disclosure of the fact of his failure to report income for periods that have passed.

The movant contends that he made large sums of money in 1946, 1947, and, 1948, upon and by the sales of automobiles, and that he neglected to keep any account, any checks, or, any books, showing the amounts thereof. That when the Internal Revenue agents came to his place of business to check upon current income tax reports, and to examine his books and records, that he told them he had also made considerable sums in prior years which he had not reported, and that his books and records would not show such transactions. The Agents advised him they would take that matter up later.

The testimony shows, however, that what he disclosed voluntarily as covering such unreported income for the mentioned years, was not a full disclosure, nor that this disclosure was made before the matter had been under investigation by the Internal Revenue Department.

The power to forgive and overlook a recreant taxpayer as set forth in various expressions in the Internal Revenue Department, includes the specifications that such voluntary disclosure must be made before an investigation is started, and must be complete and full. The evader must report in time. "In time," means before investigation has been initiated. "A disclosure," also means a complete, fair, and honest disclosure, and not a portion.

A serious question also arises when a court of equity is asked to stay the hand

of the law as is supposed to be used by the United States Attorney in the prosecution of offenders. See Eastus, United States Attorney v. Bradshaw, 5 Cir., 91 F.2d 788. That difficulty may be legally and judiciously hurdled to save the citizen from a violation of his constitutional rights. But the testimony must indicate that the Revenue Agents secured testimony by promises of immunity, or, by illegality of some procedure, or, in the securing of information.

 The case at bar contains no such practice, nor effort by the Revenue Agents. It is, therefore, the simpler matter of determining that there was a voluntary disclosure as far as it went, but that such voluntary disclosure did not disclose all of the income the movant had made and not reported, nor did he even make such partial disclosure before the investigation had been initiated. See In re Liebster, D.C., 91 F. Supp. 814.

If the policy of the Internal Revenue Department needed any simplification, the words of that policy itself, as well as the few cases which have been considered by the courts upon it, furnish it.

 The law requires the citizen to make out a return and pay tax upon his income, and, it is, therefore, the duty of each citizen to do that. If and when there is such failure, the citizen may later, before investigation, make a full disclosure, pay the tax, and be relieved of any further penalty, save and except such penalty and assessment and interest as may be legal.

The prayer of movant is denied.